1                                                                              SC

2   **WO**

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8
    Gilbert Martinez III,                    )   No. CV 12-0779-PHX-DGC (DKD)
9                                            )
                   Plaintiff,                )   **ORDER**
10                                           )
    vs.                                      )
11                                           )
    Joseph M. Arpaio, et al.,                )
12                                           )
                   Defendants.               )
13  _____)

14          Plaintiff Gilbert Martinez, III, who is confined in the Fourth Avenue Jail in Phoenix,

15  Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an

16  Application to Proceed *In Forma Pauperis*.  In a May 14, 2012 Order, the Court dismissed

17  the Complaint because Plaintiff had failed to state a claim with leave to amend.  Plaintiff has

18  filed a First Amended Complaint.  (Doc. 9.)  The Court will dismiss the First Amended

19  Complaint with leave to amend.

20  **I.      Statutory Screening of Prisoner Complaints**

21          The Court is required to screen complaints brought by prisoners seeking relief against

22  a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

23  § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

24  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

25  be granted, or that seek monetary relief from a defendant who is immune from such relief.

26  28 U.S.C. § 1915A(b)(1), (2).

27          A pleading must contain a "short and plain statement of the claim *showing* that the

28  pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not

JDDL-K

1    demand detailed factual allegations, "it demands more than an unadorned, the-defendant-
2    unlawfully-harmed-me accusation."   Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).
3    "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
4    statements, do not suffice."  Id.

5         "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
6    claim to relief that is plausible on its face.'"  Id. (quoting Bell Atlantic Corp. v. Twombly,
7    550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content
8    that allows the court to draw the reasonable inference that the defendant is liable for the
9    misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for
10   relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial
11   experience and common sense."  Id. at 1950.  Thus, although a plaintiff's specific factual
12   allegations may be consistent with a constitutional claim, a court must assess whether there
13   are other "more likely explanations" for a defendant's conduct.  Id. at 1951.

14        But as the United States Court of Appeals for the Ninth Circuit has instructed, courts
15   must "continue to construe pro se filings liberally."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th
16   Cir. 2010).  A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards
17   than formal pleadings drafted by lawyers.'"  Id. (quoting Erickson v. Pardus, 551 U.S. 89,
18   94 (2007) (per curiam)).

19        If the Court determines that a pleading could be cured by the allegation of other facts,
20   a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the
21   action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). The Court
22   should not, however, advise the litigant how to cure the defects.  This type of advice "would
23   undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225,
24   231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was
25   required to inform a litigant of deficiencies).  The Court will dismiss Plaintiff's First
26   Amended Complaint for failure to state a claim, but because the First Amended Complaint
27   may possibly be saved by amendment, will dismiss the First Amended Complaint with leave
28   to amend.

JDDL-K                                                    - 2 -

## II.    First Amended Complaint

Plaintiff alleges one count for denial of basic necessities or unconstitutional conditions of confinement.[1]  Plaintiff sues Maricopa County Sheriff Joseph M. Arpaio, and Maricopa County Supervisors Fulton Brock, Don Stapley, Andrew Kunasek, Max W. Wilson, and Mary Rose Wilcox.  Plaintiff seeks declaratory and compensatory relief.

Plaintiff alleges the following: on March 23, 2012, he was placed in a cell that had previously been occupied by a "mental health" detainee.  (Doc. 9 at 3.)  The Maricopa County Sheriff's Office (MCSO) documented that the cell was unsanitary, but placed the Plaintiff in the cell anyway.  Plaintiff asked for cleaning supplies, but was denied by unidentified MCSO staff.  Plaintiff fears that the unsanitary conditions in the cell put him at risk of contracting MRSA, a staph infection, Hepatitis A, B, and C, ring worm, and AIDS.  Plaintiff alleges that he suffered severe emotional and psychological stress as a result.

## III.   Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege that (1) the conduct about which he complains was committed by a person acting under color of state law, and (2) the conduct deprived him of a constitutional right.  Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

### A.    Sheriff Arpaio

Plaintiff sues Sheriff Arpaio.  While Arpaio may be sued for constitutional violations, Plaintiff fails to state a claim against him.

---

[1] In addition, Plaintiff asserts violations of Graves v. Arpaio, CV77-0479. In Graves, the Court ordered prospective relief against Sheriff Arpaio concerning ongoing conditions for pretrial detainee at County jails.  Many inmates apparently believe that they may receive an immediate payout from a fund established in that class action.  No such fund exists.  The inmates in Graves asked for injunctive relief and not monetary damages.

1   "A plaintiff must allege facts, not simply conclusions, that show that an individual was

2   personally involved in the deprivation of his civil rights." <u>Barren v. Harrington</u>, 152 F.3d

3   1193, 1194 (9th Cir. 1998).  For an individual to be liable in his official capacity, a plaintiff

4   must allege that the official acted as a result of a policy, practice, or custom.  <u>See</u> <u>Cortez v.</u>

5   <u>County of Los Angeles</u>, 294 F.3d 1186, 1188 (9th Cir. 2001).  Further, there is no *respondeat*

6   *superior* liability under § 1983, so a defendant's position as the supervisor of someone who

7   allegedly violated a plaintiff's constitutional rights does not make him liable.  <u>Monell v.</u>

8   <u>Dep't of Soc. Servs.</u>, 436 U.S. 658, 691 (1978); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir.

9   1989).  A supervisor in his individual capacity, "is only liable for constitutional violations

10  of his subordinates if the supervisor participated in or directed the violations, or knew of the

11  violations and failed to act to prevent them." <u>Taylor</u>, 880 F.2d at 1045.

12     Plaintiff fails to allege any facts against Arpaio.  Plaintiff has not alleged facts to

13  support that Arpaio enacted or enforced a policy, custom, or practice that resulted in the

14  denial of Plaintiff's constitutional rights.  Plaintiff also has not alleged facts to support that

15  Arpaio directly violated his constitutional rights or that Arpaio was aware that Plaintiff's

16  rights were being violated but failed to act.  For that reason, Plaintiff fails to state a claim

17  against Arpaio.

18          **B.    Supervisors Brock, Stapley, Kunasek, Wilson, and Wilcox**

19     Plaintiff sues the members of the Maricopa County Board of Supervisors, but he

20  alleges no facts against any Board member in his or her individual capacity.  When

21  individuals, such as members of the Maricopa County Board of Supervisors, are sued in an

22  official capacity, the real party in interest is the entity of which the members are agents.

23  <u>Kentucky v. Graham</u>, 473 U.S. 159, 165-66 (1985) (quoting <u>Monell</u>, 436 U.S. at 690 n.55).

24  In this case, that entity is Maricopa County.  As discussed above, the actions of individuals

25  may support municipal liability only if a claimed injury resulted pursuant to an official policy

26  or custom of the municipality.  <u>Botello v. Gammick</u>, 413 F.3d 971, 978-79 (9th Cir. 2005);

27  <u>Cortez</u>, 294 F.3d at 1188.  For that reason, a municipality may not be sued solely because an

28  injury was inflicted by one of its employees or agents.  <u>Long v. County of Los Angeles</u>, 442

F.3d 1178, 1185 (9th Cir. 2006).  Rather, the municipality is liable only when the execution of its policy or custom inflicts the constitutional injury.  Id.; Miranda v. City of Cornelius, 429 F.3d 858, 868 (9th Cir. 2005).  As stated by the Ninth Circuit:

> There are three ways to meet the policy, practice, or custom requirement for municipal liability under § 1983:  (1) the plaintiff may prove that a public entity employee committed the alleged constitutional violation pursuant to a formal policy or a longstanding practice or custom, which constitutes the standard operating procedure of the local government entity; (2) the plaintiff may establish that the individual who committed the constitutional tort was an official with "final policy-making authority" and that the challenged action itself thus constituted an act of official government policy; or (3) the plaintiff may prove that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action ....  An unconstitutional policy need not be formal or written to create municipal liability under § 1983; however, it must be so permanent and well settled as to constitute a custom or usage with the force of law.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 167-68, ... (1970).  Furthermore, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policy maker." Oklahoma City v. Tuttle, 471 U.S. 808, 823-24, ... (1985).

Avalos v. Baca, 596 F.3d 583, 587-88 (9th Cir. 2010) (quoting Avalos v. Baca, 517 F. Supp.2d 1156, 1162 (C.D. Cal. 2007)).  As stated above, a plaintiff cannot state a § 1983 claim against a municipal defendant unless he alleges that the municipal defendant maintained a policy or custom pertinent to the plaintiff's alleged injury and explains how such policy or custom caused his injury.  Sadoski v. Mosley, 435 F.3d 1076, 1080 (9th Cir. 2006).

       As noted above, Plaintiff does not allege facts to support that any of the Supervisors violated his constitutional rights in their individual capacities.  Plaintiff has not otherwise alleged facts to support that he was injured as a result of a municipal policy or custom.  Plaintiff thus fails to state a claim against the Board of Supervisors or Maricopa County and the Supervisors will be dismissed.

**C.    Basic Necessities**

       Plaintiff designates his claim as one for the denial of basic necessities based on unsanitary conditions of his cell and the denial of cleaning supplies.  The Court construes Plaintiff's claims as one challenging his conditions of confinement, specifically sanitation.

1    A prison inmate's claim for unconstitutional conditions of confinement arises under

2 the Eighth Amendment, Bell v. Wolfish, 441 U.S. 520 (1979), while a pretrial detainee's

3 claim for unconstitutional conditions arises under the Fourteenth Amendment, Frost v.

4 Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Nevertheless, the same standard is applied. See

5 Frost, 152 F.3d at 1128.  To state a claim for unconstitutional conditions, a plaintiff must

6 allege an objectively "sufficiently serious" deprivation that results in the denial of "the

7 minimal civilized measure of life's necessities."  Farmer v. Brennan, 511 U.S. 825, 834

8 (1994); Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1994); see Estate of Ford v. Ramirez-

9 Palmer, 301 F.3d 1043, 1049-50 (9th Cir. 2002).  That is, a plaintiff must allege facts

10 supporting that he is incarcerated under conditions posing a substantial risk of harm. Farmer,

11 511 U.S. at 834.  Only deprivations denying the minimal civilized measure of life's

12 necessities are sufficiently grave for an Eighth Amendment violation. Johnson v. Lewis, 217

13 F.3d 726, 731 (9th Cir. 2000) (quotation omitted). These are "deprivations of essential food,

14 medical care, or sanitation" or "other conditions intolerable for prison confinement." Rhodes

15 v. Chapman, 452 U.S. 337, 348 (1981).  Whether a condition of confinement rises to the

16 level of a constitutional violation may depend, in part, on the duration of an inmate's

17 exposure to that condition.  Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996).  "The more

18 basic the need, the shorter the time it can be withheld."  Hoptowit v. Ray, 682 F.2d 1287,

19 1259 (9th Cir. 1982).

20    In addition to alleging facts to support that he is confined in conditions posing a

21 substantial risk of harm, a plaintiff must also allege facts to support that a defendant had a

22 "sufficiently culpable state of mind," i.e., that the official acted with deliberate indifference

23 to inmate health or safety.  See Farmer, 511 U.S. at 837.  In defining "deliberate

24 indifference" in the prison context, the Supreme Court has imposed a subjective test: "the

25 official must both be aware of the facts from which the inference could be drawn that a

26 substantial risk of serious harm exists, *and* he must also draw the inference." Id.  A plaintiff

27 must also allege how he was injured by the alleged unconstitutional conditions. See, e.g.,

28

JDDL-K                                                    - 6 -

1  Lewis, 518 U.S. at 349 (doctrine of standing requires that claimant have suffered or will
2  imminently suffer actual harm).

3  Plaintiff alleges that on March 23, 2012, he was placed in an "unhealthy living"
4  environment and was denied cleaning supplies by unidentified staff members.  Plaintiff fails
5  to allege facts to support the severity of his conditions or that he was subjected to such
6  conditions for more than one night.  Thus, he fails to allege facts to support that the
7  conditions in his cell rose to the level of a constitutional violation. Plaintiff also fails to
8  allege from whom, how, and when he requested cleaning supplies.  Further, Plaintiff fails to
9  allege facts to support that the Defendants, or anyone else, acted with deliberate indifference
10  to his conditions of confinement.  For these reasons, Plaintiff fails to state a claim for
11  unconstitutional conditions of confinement.

12  **IV.    Leave to Amend**

13  For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for
14  failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may
15  submit a second amended complaint to cure the deficiencies outlined above.  The Clerk of
16  Court will mail Plaintiff a court-approved form to use for filing a second amended complaint.
17  If Plaintiff fails to use the court-approved form, the Court may strike the second amended
18  complaint and dismiss this action without further notice to Plaintiff.

19  Plaintiff must clearly designate on the face of the document that it is the "Second
20  Amended Complaint."  The second amended complaint must be retyped or rewritten in its
21  entirety on the court-approved form and may not incorporate any part of the original
22  Complaint or First Amended Complaint by reference.  Plaintiff may include only one claim
23  per count.

24  A second amended complaint supersedes the original Complaint and First Amended
25  Complaint.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v.
26  Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will
27  treat the original Complaint and First Amended Complaint as nonexistent.  Ferdik, 963 F.2d
28  at 1262.  Any cause of action that was raised in the original Complaint or First Amended

JDDL-K                                          - 7 -

1  complaint is waived if it is not raised in a second amended complaint.  <u>King v. Atiyeh</u>, 814

2  F.2d 565, 567 (9th Cir. 1987).

3  **V.    Warnings**

4         **A.    Release**

5         Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

6  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

7  the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result

8  in dismissal of this action.

9         **B.    Address Changes**

10        Plaintiff must file and serve a notice of a change of address in accordance with Rule

11  83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

12  relief with a notice of change of address.  Failure to comply may result in dismissal of this

13  action.

14        **C.    Copies**

15        Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u>

16  LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice

17  to Plaintiff.

18        **D.    Possible "Strike"**

19        Because the First Amended Complaint has been dismissed for failure to state a claim,

20  if Plaintiff fails to file a second  amended complaint correcting the deficiencies identified in

21  this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C.

22  § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal

23  a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more

24  prior occasions, while incarcerated or detained in any facility, brought an action or appeal

25  in a court of the United States that was dismissed on the grounds that it is frivolous,

26  malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is

27  under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

28  /    /    /

**E.      Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. <u>See</u> <u>Ferdik</u>, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)      The First Amended Complaint is **dismissed** for failure to state a claim.  (Doc. 9.)  Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(2)      If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(3)      The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 9th day of July, 2012.

_____
David G. Campbell
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*). Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed. <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>          Attorney for Defendant(s)
>
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.


**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____

Name and Prisoner/Booking Number

_____

Place of Confinement

_____

Mailing Address

_____

City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____, )
(Full Name of Plaintiff)                    )
           Plaintiff,     )
                    )
        vs.         )  **CASE NO.** _____
                    )        (To be supplied by the Clerk)
(1)_____, )
(Full Name of Defendant)                 )
(2)_____, )
                    )  **CIVIL RIGHTS COMPLAINT**
(3)_____, )      **BY A PRISONER**
                    )
(4)_____, )  ☐ Original Complaint
        Defendant(s).   )  ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them. )  ☐ Second Amended Complaint

### A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
        ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
        ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
        ☐ Other: _____.

2.  Institution/city where violation occurred: _____.

Revised 3/9/07                    1                         **550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____. The first Defendant is employed as:
    _____at_____.
    (Position and Title)                                                    (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
    _____at_____.
    (Position and Title)                                                    (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:
    _____at_____.
    (Position and Title)                                                    (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
    _____at_____.
    (Position and Title)                                                    (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail          ☐ Access to the court        ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion       ☐ Retaliation
   ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                     ☐ Yes    ☐ No
   b.   Did you submit a request for administrative relief on Count I?              ☐ Yes    ☐ No
   c.   Did you appeal your request for relief on Count I to the highest level?     ☐ Yes    ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
   ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what
**each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without
citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available
        at your institution?                                                    ☐ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count II?          ☐ Yes   ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level? ☐ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why
        you did not. _____
        _____.

**COUNT III**

1. State the constitutional or other federal civil right that was violated: _____
_____.

2. **Count III.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
  ☐ Basic necessities   ☐ Mail   ☐ Access to the court  ☐ Medical care
  ☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
  ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5. **Administrative Remedies.**
  a. Are there any administrative remedies (grievance procedures or administrative appeals) available
    at your institution?                ☐ Yes  ☐ No
  b. Did you submit a request for administrative relief on Count III?   ☐ Yes  ☐ No
  c. Did you appeal your request for relief on Count III to the highest level? ☐ Yes  ☐ No
  d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why
    you did not. _____
    _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                     DATE                                        SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

6