SC

**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Gilbert Martinez III,                )     No. CV 12-0779-PHX-DGC (DKD)
                                     )
             Plaintiff,              )     **ORDER**
                                     )
vs.                                  )
                                     )
Joseph M. Arpaio, et al.,            )
                                     )
             Defendants.             )
_____     )

Plaintiff Gilbert Martinez, III, who is confined in the Fourth Avenue Jail in Phoenix, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, which was dismissed for failure to state a claim with leave to amend. (Doc. 1, 7.) Plaintiff filed a First Amended Complaint, which was also dismissed for failure to state a claim with leave to amend. (Doc. 9, 10.) Plaintiff has filed a Second Amended Complaint. (Doc. 11.) The Court will dismiss the Second Amended Complaint for failure to state a claim and terminate this action.

## I.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

1    A pleading must contain a "short and plain statement of the claim *showing* that the

2   pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not

3   demand detailed factual allegations, "it demands more than an unadorned, the-defendant-

4   unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

5   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

6   statements, do not suffice." Id.

7    "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

8   claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly,

9   550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content

10   that allows the court to draw the reasonable inference that the defendant is liable for the

11   misconduct alleged." Id. "Determining whether a complaint states a plausible claim for

12   relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

13   experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual

14   allegations may be consistent with a constitutional claim, a court must assess whether there

15   are other "more likely explanations" for a defendant's conduct. Id. at 1951.

16    But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

17   must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th

18   Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards

19   than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89,

20   94 (2007) (*per curiam*)).

21   **II.    First Amended Complaint**

22    Plaintiff alleges one count for denial of basic necessities or unconstitutional conditions

23   of confinement.[1] Plaintiff sues only Maricopa County Sheriff Joseph M. Arpaio. Plaintiff

24   seeks declaratory and compensatory relief.

25   ───────────────

26    [1] In addition, Plaintiff again asserts violations of Graves v. Arpaio, CV77-0479. In
   Graves, the Court ordered prospective relief against Sheriff Arpaio concerning ongoing
27   conditions for pretrial detainee at County jails. Many inmates apparently believe that they
   may receive an immediate payout from a fund established in that class action. No such fund
28   exists. The inmates in Graves asked for injunctive relief and not monetary damages.

1    Plaintiff alleges the following: on March 23, 2012, he was placed in a cell at the
2    Fourth Avenue Jail on the Fourth Floor.  Plaintiff was a pretrial detainee.  The cell was
3    "extremely dirty" with blood, semen, and other bodily fluids.  Unnamed staff knew the cell
4    needed to be sanitized after a mental health inmate had been housed in it, but failed to do so
5    and placed Plaintiff in the cell.  Despite statements in the inmate handbook, unnamed staff
6    denied Plaintiff's request for cleaning supplies, including a broom, mop, cleanser, and
7    disinfectant.  According to Plaintiff, Arpaio violated his constitutional rights by "making"
8    him endure those conditions; as a result, he caught a cold and suffered emotional and
9    psychological stress.

10   **III.    Failure to State a Claim**

11   To state a claim under § 1983, a plaintiff must allege that (1) the conduct about which
12   he complains was committed by a person acting under color of state law, and (2) the conduct
13   deprived him of a constitutional right.  Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699
14   (9th Cir. 1988).  In addition, a plaintiff must allege that he suffered a specific injury as a
15   result of the conduct of a particular defendant and he must allege an affirmative link between
16   the injury and the conduct of that defendant.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377
17   (1976).

18   Plaintiff designates his claim as one for the denial of basic necessities based on
19   unsanitary conditions of his cell and the denial of cleaning supplies.  The Court construes
20   Plaintiff's claims as one challenging his conditions of confinement, specifically sanitation.

21   A prison inmate's claim for unconstitutional conditions of confinement arises under
22   the Eighth Amendment, Bell v. Wolfish, 441 U.S. 520 (1979), while a pretrial detainee's
23   claim for unconstitutional conditions arises under the Fourteenth Amendment, Frost v.
24   Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  Nevertheless, the same standard is applied.  See
25   Frost, 152 F.3d at 1128.  To state a claim for unconstitutional conditions, a plaintiff must
26   allege an objectively "sufficiently serious" deprivation that results in the denial of "the
27   minimal civilized measure of life's necessities."  Farmer v. Brennan, 511 U.S. 825, 834
28   (1994); Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1994); see Estate of Ford v. Ramirez-

1   Palmer, 301 F.3d 1043, 1049-50 (9th Cir. 2002).  That is, a plaintiff must allege facts

2   supporting that he is incarcerated under conditions posing a substantial risk of harm.  Farmer,

3   511 U.S. at 834.   Only deprivations denying the minimal civilized measure of life's

4   necessities are sufficiently grave for an Eighth Amendment violation.  Johnson v. Lewis, 217

5   F.3d 726, 731 (9th Cir. 2000) (quotation omitted).  These are "deprivations of essential food,

6   medical care, or sanitation" or "other conditions intolerable for prison confinement." Rhodes

7   v. Chapman, 452 U.S. 337, 348 (1981).  Whether a condition of confinement rises to the

8   level of a constitutional violation may depend, in part, on the duration of an inmate's

9   exposure to that condition.  Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996). "The more

10  basic the need, the shorter the time it can be withheld."  Hoptowit v. Ray, 682 F.2d 1287,

11  1259 (9th Cir. 1982).

12         In addition to alleging facts to support that he is confined in conditions posing a

13  substantial risk of harm, a plaintiff must also allege facts to support that a defendant had a

14  "sufficiently culpable state of mind," i.e., that the official acted with deliberate indifference

15  to inmate health or safety.  See Farmer, 511 U.S. at 837.   In defining "deliberate

16  indifference" in the prison context, the Supreme Court has imposed a subjective test: "the

17  official must both be aware of the facts from which the inference could be drawn that a

18  substantial risk of serious harm exists, *and* he must also draw the inference." Id.  A plaintiff

19  must also allege how he was injured by the alleged unconstitutional conditions.  See, e.g.,

20  Lewis, 518 U.S. at 349 (doctrine of standing requires that claimant have suffered or will

21  imminently suffer actual harm).

22         Plaintiff sues Sheriff Arpaio.  While Arpaio may be sued for constitutional violations,

23  Plaintiff fails to state a claim against him.

24         "A plaintiff must allege facts, not simply conclusions, that show that an individual was

25  personally involved in the deprivation of his civil rights."  Barren v. Harrington, 152 F.3d

26  1193, 1194 (9th Cir. 1998).  For an individual to be liable in his official capacity, a plaintiff

27  must allege that the official acted as a result of a policy, practice, or custom.  See Cortez v.

28  County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001).  Further, there is no *respondeat*

1   *superior* liability under § 1983, so a defendant's position as the supervisor of someone who

2   allegedly violated a plaintiff's constitutional rights does not make him liable.  <u>Monell v.</u>

3   <u>Dep't of Soc. Servs.</u>, 436 U.S. 658, 691 (1978); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir.

4   1989).  A supervisor in his individual capacity, "is only liable for constitutional violations

5   of his subordinates if the supervisor participated in or directed the violations, or knew of the

6   violations and failed to act to prevent them."  <u>Taylor</u>, 880 F.2d at 1045.

7          Plaintiff fails to allege facts against Arpaio to support that Arpaio directly violated

8   Plaintiff's constitutional rights or facts to support that Arpaio enacted or enforced a policy,

9   custom, or practice that resulted in the denial of Plaintiff's constitutional rights.  Indeed,

10  Plaintiff acknowledges that the inmate handbook contained a policy that inmates be provided

11  with supplies to clean their cells and common areas and that *despite* that policy, unknown

12  staff denied Plaintiff's request for supplies.  In short, Plaintiff's allegations reflect that staff-

13  members, not Arpaio, may have violated a policy or practice set by Arpaio.  As discussed

14  above, Plaintiff cannot predicate liability under § 1983 on *respondeat superior* against

15  Arpaio.  For these reasons, Plaintiff fails to state a claim in his Second Amended Complaint.

16  **IV.    Dismissal without Leave to Amend**

17         Because Plaintiff has failed to state a claim in his Second Amended Complaint, the

18  Court will dismiss his Second Amended Complaint.  "Leave to amend need not be given if

19  a complaint, as amended, is subject to dismissal."  <u>Moore v. Kayport Package Express, Inc.</u>,

20  885 F.2d 531, 538 (9th Cir. 1989).  The Court's discretion to deny leave to amend is

21  particularly broad where Plaintiff has previously been permitted to amend his complaint.

22  <u>Sisseton-Wahpeton Sioux Tribe v. United States</u>, 90 F.3d 351, 355 (9th Cir. 1996). Repeated

23  failure to cure deficiencies is one of the factors to be considered in deciding whether justice

24  requires granting leave to amend.  <u>Moore</u>, 885 F.2d at 538.

25         Plaintiff has made three efforts at crafting a viable complaint and appears unable to

26  do so despite specific instructions from the Court.  The Court finds that further opportunities

27  to amend would be futile.  Therefore, the Court, in its discretion, will dismiss Plaintiff's

28  Second Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1)     Plaintiff's Second Amended Complaint (Doc. 11) and this action are **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

(2)     The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(3)     The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

DATED this 1st day of October, 2012.

David G. Campbell
United States District Judge